```
                UNITED STATES DISTRICT COURT

                    DISTRICT OF HAWAII
```

| | |
|---|---|
| LESLIE WILKISON, DANIEL WILSON, VELA WILSON, INDIVIDUALLY AND AS GUARDIAN OF C.W., A MINOR, E.W., A MINOR, M.H.W., A MINOR; TROY WRIGHT, LAUREN WRIGHT, INDIVIDUALLY AND AS GUARDIAN OF G.W., A MINOR, J.W., A MINOR, AND K.W., A MINOR; JENNIFER YARBROUGH, AMANDA ZAWIERUSZYNSKI,<br><br>           Plaintiffs,<br><br>  vs.<br><br>OHANA MILITARY COMMUNITIES, LLC, HUNT MH PROPERTY MANAGEMENT, LLC,  DOE DEFENDANTS 1-10,<br><br>           Defendants. | CIV. NO. 23-00588 LEK-KJM |

**ORDER GRANTING PLAINTIFFS' MOTION TO REMAND, AND DISMISSING THIRD-PARTY DEFENDANT UNITED STATES'S MOTION TO DISMISS AS MOOT**

        Before the Court are Plaintiffs' Motion for an Order of Remand, filed on January 8, 2024 ("Motion to Remand"), [dkt. no. 10,] and Third-Party Defendant United States of America's ("United States" or "the Government") Motion to Dismiss Third Party Complaint for Lack of Subject Matter Jurisdiction, filed on January 16, 2024 ("Motion to Dismiss"), [dkt. no. 16]. Defendants/Third-Party Plaintiffs Ohana Military Communities, LLC and Hunt MH Property Management, LLC ("Landlord Defendants") filed their memorandum in opposition to the Motion to Remand and

the Motion to Dismiss on February 16, 2024. [Dkt. nos. 18, 19.] The United States filed its reply in support of the Motion to Dismiss on February 23, 2024. [Dkt. no. 20.] These matters came on for hearing on March 8, 2024. For the reasons set forth below, the Motion to Remand is granted, and the Motion to Dismiss is denied as moot.[1]

## BACKGROUND

The operative pleading at the time of removal was the Complaint, filed on November 6, 2023 in the First Circuit Court of the State of Hawai`i ("state court"). [Notice of Removal, filed 12/8/23 (dkt. no. 1), Decl. of Randall C. Whattoff ("Whattoff Decl."), Exh. 1 (state court docket and pleadings served) at PageID.25-39 ("Complaint").] A group of tenants brought suit in the state court against the Landlord Defendants seeking, among other remedies, rent repayment from the time they were allegedly forcibly evicted from their homes due to the fuel leak at the Red Hill Bulk Fuel Storage Facility ("Red Hill

---

[1] The rulings in the instant Order also apply to the motions to remand and the motions to dismiss in Collins et. al. v. Ohana Military Communities et. al, CV 23-584 LEK-KJM, dkt. nos. 10, 16; McClain et. al v. Ohana Military Communities et. al., CV 23-585 LEK-KJM, dkt. nos. 9, 15; Adams et. al. v. Ohana Military Communities et. al., CV 23-586 LEK-KJM, dkt. nos. 10, 16; Simpson et. al. v. Ohana Military Communities et. al., CV 23-587 LEK-KJM, dkt. nos. 9, 15; and Wilkison, et. al. v. Ohana Military Communities et. al., CV 23-588 LEK-KJM, dkt. nos. 10, 16, because those cases involve the same factual circumstances, and the plaintiffs' motions to remand and the Government's motions to dismiss are substantively identical.

2

Facility"). [Id. at ¶¶ 20, 43, 59-61, 68, 73, 77, pg. 14.] Plaintiffs allege that the Landlord Defendants manage and lease residential housing in the City and County of Honolulu under agreements with the United States Department of the Navy ("the Navy"). [Id. at ¶ 26.] One of the services the Landlord Defendants provide to Plaintiffs is potable water, through the Joint Base Pearl Harbor-Hickman Water System, which is maintained by the Navy. [Id. at ¶ 28.] Plaintiffs allege the Landlord Defendants had knowledge of the risk of water contamination through their relationship with the Navy. After the November 2021 fuel leak from Red Hill, Plaintiffs' drinking water was contaminated, resulting in the eviction of Plaintiffs from their housing. [Id. at ¶¶ 35-36.]

Plaintiffs allege the following claims: breach of contract; breach of the implied warranty of habitability; a claim alleging violations of Hawai`i Revised Statutes Chapter 521 (the Landlord Tenant Code); a claim alleging unfair and deceptive trade practices and unfair methods of competition pursuant to Hawai`i Revised Statutes Section 480-2; nuisance; and wrongful eviction. [Id. at pgs. 7-14.] Plaintiffs seek economic damages, including, among other things, general, special, treble and consequential damages, attorneys' fees and costs, disgorgement of profits, return of rents and other remedies pursuant to Hawai`i Revised Statutes Chapter 521,

punitive damages, and injunctive relief, including the recission of leases. [Id. at 14-15.]

On December 8, 2023, the Landlord Defendants filed an amended answer to the Complaint and a third-party complaint against the United States. [Whattoff Decl. at ¶ 4; Whattoff Decl., Exh. 1 (state court docket) at PageID.69-81 ("First Amended Answer"); id. at PageID.82-97 ("Third-Party Complaint").] The Landlord Defendants' Third-Party Complaint argues the United States has waived its sovereign immunity under the Federal Tort Claims Act ("FTCA"), Title 28 United States Code Section 2674, [Whattoff Decl., Exh. 1 at PageID.84 (Third-Party Complaint) at ¶ 4,] and alleges the United States is liable for its role in the Red Hill Facility fuel spill under claims of common law indemnification, equitable indemnification, contribution, and negligence, [id. at PageID.88-93, ¶¶ 36-64]. The same day, the Landlord Defendants removed this action from state court to this district court. See generally Notice of Removal. The Landlord Defendants argue the action is removable

> under 28 U.S.C. § 1441 because the allegations in Plaintiffs' Complaint require the participation of the United States as a third-party defendant and therefore raises a federal question. As a result, Defendants have filed a Third-Party Complaint against the United States for indemnification, contribution, and negligence under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671, *et seq.*

4

[Id. at ¶ 7.] The Landlord Defendants state that removal is proper because: 1) Plaintiffs should have brought claims under FTCA against the United States; and 2) the Landlord Defendants did bring claims under FTCA against the United States, and this Court has exclusive jurisdiction over that claim. [Id. at ¶¶ 19-20.]

Plaintiffs argue removal is improper because there was no federal question presented on the face of Plaintiffs' well-pleaded complaint, and all of Plaintiffs' causes of action are state law claims. Plaintiffs assert the only pleading that invokes a federal question is the Third-Party Complaint, but the Third-Party Complaint is an improper basis for removal due to the well-pleaded complaint rule. [Motion to Remand, Mem. in Supp. at 5-6.]

The United States agrees that the Landlord Defendants' removal was improper for the same reasons, and argues removal by the United States pursuant to Title 28 United States Code Section 1442 is proper. In this instance, the Government contends, the Court lacks jurisdiction over the claims brought against the United States pursuant to the doctrine of derivative jurisdiction. The United States requests the Court dismiss the claims brought against it and remand the original suit back to the state court. [Motion to Dismiss, Mem. in Supp. at 9-16.]

5

**STANDARD**

**I.   Removal Under Section 1441**

A defendant may remove a civil action brought in a state court to federal district court if the district court has original jurisdiction, pursuant to the general statute governing removal, Title 28 United States Code Section 1441. See Abrego v. The Dow Chemical Co., 443 F.3d 676, 679-80 (9th Cir. 2006). "Removal . . . statutes are 'strictly construed,' and a 'defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability.'" Haw. ex rel. Louie v. HSBC Bank Nev., N.A., 761 F.3d 1027, 1034 (9th Cir. 2014) (quoting Luther v. Countrywide Home Loans Serv. LP, 533 F.3d 1031, 1034 (9th Cir. 2008)). "If a district court determines at any time that less than a preponderance of the evidence supports the right of removal, it must remand the action to the state court." Hansen v. Grp. Health Coop., 902 F.3d 1051, 1057 (9th Cir. 2018) (citations omitted).

Here, removal was based on federal question jurisdiction. See Notice of Removal at ¶ 7. The "presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."

Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) (citation omitted). The well-pleaded complaint rule "makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." Id. "A cause of action arises under federal law only if federal law creates the cause of action or a substantial question of federal law is a necessary element of a plaintiff's well-pleaded complaint." Newtok Vill. v. Patrick, 21 F.4th 608, 616 (9th Cir. 2021) (citation and internal quotations omitted).

"Federal question jurisdiction therefore cannot be based on a defense, counterclaim, cross-claim, or third-party claim raising a federal question." Singh v. Segovia, Case No. 2:21-cv-02160-TLN-DB, 2021 WL 5966231, at *1 (E.D. Cal. Nov. 24, 2021) (citing Vaden v. Discover Bank, 556 U.S. 49 (2009); Hunter v. Philip Morris USA, 582 F.3d 1039, 1042–43 (9th Cir. 2009)). Nor can federal question jurisdiction be based on the answer or petition for removal. Takeda v. Nw. Nat. Life Ins. Co., 765 F.2d 815, 822 (9th Cir. 1985). Thus, "removal based on federal question jurisdiction is improper unless a federal claim appears on the face of a well-pleaded complaint." Redwood Theatres, Inc. v. Festival Enters., Inc., 908 F.2d 477, 479 (9th Cir. 1990) (citing Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 10, 103 S. Ct. 2841, 2846, 77 L. Ed.

2d 420 (1983); Gully v. First Nat'l Bank, 299 U.S. 109, 113, 57 S. Ct. 96, 97, 81 L. Ed. 70 (1936)).

## II. Removal Under Section 1442

Section 1442 allows removal when:

(a) A civil action or criminal prosecution that is commenced in a State court and that is against or directed to any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:

(1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

## DISCUSSION

Preliminarily, the United States argues removal is proper under Section 1442, but, pursuant to the doctrine of derivative jurisdiction, the Court should dismiss the Third-Party Complaint. [Motion to Dismiss, Mem. in Supp. at 12-16.] However, the case was not removed by the United States; it was removed by the Landlord Defendants pursuant to Section 1441. [Notice of Removal at ¶ 7.] The United States, which was not the party that removed the case, cannot recast the removal as being made pursuant to Section 1442. This Court therefore need not

8

address the United States's argument that removal pursuant to Section 1442 was proper.

Removal under Section 1441 was improper. The Landlord Defendants do not argue that Plaintiffs' Complaint "establish[es] either (1) that federal law creates the cause of action or (2) that the plaintiff's asserted right to relief depends on the resolution of a substantial question of federal law." See K2 Am. Corp. v. Roland Oil & Gas, LLC, 653 F.3d 1024, 1029 (9th Cir. 2011) (quotation marks and citation omitted). The Complaint on its face does not plead allegations that would invoke federal question jurisdiction. Rather, Plaintiffs allege state law claims against the Landlord Defendants relating to their leases with the Landlord Defendants. See generally Complaint at ¶¶ 38-78. Nor do Plaintiffs allege claims that, on their face, depend on the resolution of a question of federal law. The Court therefore concludes that there is no federal question on the face of the Complaint.

Further, removal is not appropriate on the basis of the Third-Party Complaint against the United States. The Court adopts the reasoning in Ezell's Fried Chicken:

> While the Ninth Circuit has not ruled specifically on whether a defendant may remove a case on the basis of their third-party complaint, other circuits have held that a defendant's third-party complaint cannot support removal jurisdiction. See, e.g., Metro Ford Truck Sales, Inc. v. Ford Motor Co., 145 F.3d 320, 326-27 (5th

9

Cir. 1998) ("It is insufficient that a federal question has been raised as a matter of defense or as a counterclaim. Similarly, the defendant's third-party claim alleging a federal question does not come within the purview of § 1441 removability." (internal quotation omitted)); see also id. at 327 n.22 ("While a third-party defendant may remove a case to federal court based on the third-party claim, a defendant/third-party plaintiff may not." (internal citation omitted)). This rule is also supported by the law of this Circuit because a defendant's third-party complaint is not a "voluntary act" of the plaintiff that would render an otherwise non-removable action removable. See California v. Keating, 986 F.2d 346, 348-49 (9th Cir. 1993) (discussing "voluntary/involuntary rule").

This interpretation of a district court's removal jurisdiction is further supported by analogy to counterclaims, and by the decisions of other courts that have addressed this question. The United States Supreme Court has explicitly held that counterclaims alleging federal causes of action cannot establish federal question jurisdiction for purposes of removal. See Holmes Group, Inc. v. Vornado Air Circulation Sys., 535 U.S. 826, 831-32 (2002). Holmes Group involved a challenge to the Federal Circuit's jurisdiction to hear an appeal containing a compulsory patent counterclaim with exclusive appellate jurisdiction in the Federal Circuit. Id. at 828-29. In holding that the Federal Circuit lacked jurisdiction, the Supreme Court explained that allowing removal based on the counterclaim "would allow a defendant to . . . defeat[] a plaintiff's choice of forum," as well as "radically expand the class of removable cases." Id. at 831. The Court also noted that allowing removal based on counterclaims "would undermine the clarity and ease of administration of the well-pleaded-complaint doctrine, which serves as a 'quick rule of thumb' for resolving jurisdictional conflicts." Id. [at 832] (internal citation omitted). The reasoning that underlies Holmes Group is equally applicable to a defendant's

10

> third-party complaint. Allowing a defendant to remove based on claims alleged in their own third-party complaint would abrogate plaintiffs' choice of forum, dramatically expand the scope of removal jurisdiction, and confound the "quick rule of thumb" provided by the well-pleaded complaint rule. Other district courts addressing this issue have also held that third-party complaints cannot supply a federal question for purposes of removal by the third party complaint. See, e.g., Cross Country Bank v. McGraw, 321 F. Supp. 2d 816, 819-21 (S.D. W. Va. 2004) (ordering remand despite Sherman Act claims in defendant's third-party complaint). Defendants may not use their own third-party complaint as a basis for removing the entire matter to this Court.

Ezell's Fried Chicken v. Stephens, Case No. C10-1424 RSL, 2011 WL 13228567, at *3 (W.D. Wash. Mar. 1, 2011) (footnotes omitted), *on reconsideration in part sub nom.* Ezell's Fried Chicken, Inc. v. Stephens, No. C10-1424 RSL, 2011 WL 13228468 (W.D. Wash. Mar. 28, 2011).

Keating supports remand here. In Keating, the Ninth Circuit concluded that the district court improperly exercised removal jurisdiction over a case where a defendant filed a third-party complaint in state court for equitable indemnity against the United States government-owned Resolution Trust Corporation ("RTC") and instructed the district court to remand. Keating, 986 F.2d at 347. The Ninth Circuit engaged in a two-step analysis. First, the Ninth Circuit considered the jurisdictional statute pertinent to the RTC, which provided that any suit to which the RTC was named as a party would be "deemed

11

to arise under the laws of the United States, and the United States district courts shall have original jurisdiction over such action, suit, or proceeding." Id. at 348 (quoting 12 U.S.C. § 1441a(l)(1)). Thus, the Ninth Circuit determined the addition of the RTC transformed the entire action to one that arose under federal law. However, the Ninth Circuit determined removal was improper under the voluntary/involuntary rule. Id. The Court stated:

> The obvious principle of [the decisions developing the voluntary/involuntary rule] is that, in the absence of a fraudulent purpose to defeat removal, the plaintiff may by the allegations of his complaint determine the status with respect to removability of a case . . . and that this power to determine the removability of his case continues with the plaintiff throughout the litigation, so that whether such a case nonremovable when commenced shall afterwards become removable depends not upon what the defendant may allege or prove or what the court may, after hearing upon the merits, *in invitum*, order, but solely upon the form which the plaintiff by his voluntary action shall give to the pleadings in the case as it progresses towards a conclusion.

Id. (alterations in Keating) (quoting Great Northern Ry. v. Alexander, 246 U.S. 276, 282, 38 S. Ct. 237, 239–40, 62 L. Ed. 713 (1918)). Therefore, because the case was transformed into an action arising under federal law by the action of the defendant – and not the voluntary action of the plaintiff – the case had to remain in state court, and the district court "improperly exercised removal jurisdiction over the case." Id.

12

The Landlord Defendants attempt to analogize to Keating, insofar as the FTCA's jurisdictional statute is similar to Title 12 United States Code Section 1441a(l)(1), but attempt to distinguish the second step of the Keating analysis by arguing that: 1) the voluntary/involuntary rule does not apply to federal question jurisdiction, or is dicta; 2) the factual allegations in the Complaint implicate the United States, and the Landlord Defendants did not "voluntarily" become parties to this action, rather the acts of the United States allegedly caused the underlying harm; or 3) there is no statute prohibiting the Landlord Defendants' removal. [Opp. to Motion to Remand at 8-11.] The Landlord Defendants arguments fail.

First, the application of the voluntary/involuntary rule in Keating was not dicta – it dictated remand rather than removal. See id. at 348. Second, removal in Keating would have been based on federal question jurisdiction, not diversity jurisdiction. See id. at 348 n.1 ("Although the [voluntary/involuntary] rule typically arises in diversity cases, we see no reasons to **limit** its application to the diversity context." (emphasis in original)). Therefore, to the extent that the Landlord Defendants argue the voluntary/involuntary rule is not applicable in cases removed based on federal question jurisdiction, the Ninth Circuit in Keating held otherwise.

Moreover, the principles behind the voluntary/involuntary rule and the well-pleaded complaint rule – that a plaintiff is the master of her complaint and determines removability through her voluntary, strategic choices in making her allegations – applies with the same force to removal based on federal question jurisdiction. See Caterpillar, 482 U.S. at 392.

Therefore, removal on the basis of the Third-Party Complaint is improper. See Cal. Equity Mgmt. Grp., Inc. v. McGihon, No. C 12-04394 WHA, 2013 LEXIS 58912, at *2 (N.D. Cal. Apr. 24, 2013) ("A defendant may not create subject-matter jurisdiction by filing a third-party complaint – that is not a voluntary act by plaintiff." (citation omitted)); Bank of Am., N.A. v. Schultz, CIV. NO. 22-00342 SOM-RT, 2022 WL 17538235, at *5 (D. Hawai`i Sept. 20, 2022) ("It appears that the Third-Party Complaint alleges violations of Defendant's constitutional rights. However, as cited above, the Court determines whether removal is appropriate by whether federal question jurisdiction is presented on the **face of Plaintiff's Complaint** and not a filing made by Defendant. Defendant's Third-Party Complaint therefore does not establish federal question jurisdiction in this case." (emphasis in original) (citation omitted)); Sproat-Augustiro v. Meyer, CIVIL NO. 17-00304 HG-RLP, 2017 WL 3446260, at *2 (D. Hawai`i July 13, 2017) ("[T]o the extent Ms. Sproat-

14

Augustiro is attempting to remove this action based on her answer, counterclaim, or third-party complaint, removal is also inappropriate.").[2] Removal on the basis of the Landlord Defendants' Third-Party Complaint is improper.

Based on the foregoing, the Court concludes that it lacks jurisdiction over this matter, and must remand the action to state court. See 28 U.S.C. § 1447(c). The Motion to Remand is granted, and the United States's Motion to Dismiss is denied as moot.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for an Order of Remand, filed January 8, 2024, is GRANTED, and the United States's Motion to Dismiss Third Party Complaint for Lack of Subject Matter Jurisdiction, filed January 16, 2024, is DENIED as moot. The Clerk's Office is DIRECTED to effectuate the remand on **April 25, 2024,** unless a timely motion for reconsideration of this Order is filed.

IT IS SO ORDERED.

---

[2] The Findings and Recommendations in both Bank of Am., N.A. v. Schultz and Sproat-Augustiro v. Meyer were adopted. See 2022 WL 17538234 and 2017 WL 3445644.

15

DATED AT HONOLULU, HAWAII, April 10, 2024.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**LESLIE WILKISON, ET AL. VS. OHANA MILITARY COMMUNITIES, LLC, ET AL**; CV 23-00588 LEK-KJM; ORDER GRANTING PLAINTIFFS' MOTION TO REMAND, AND DISMISSING THIRD-PARTY DEFENDANT UNITED STATES'S MOTION TO DISMISS AS MOOT